# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON BARTLETT, | ) | |
| | ) | |
| Plaintiff, | } | CIVIL ACTION |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| CITY OF NEW HAVEN, | ) | |
| JUSTIN ELICKER, I/O | ) | |
| | ) | |
| Defendant. | ) | July 19, 2021 |

## COMPLAINT

Plaintiff JASON BARTLETT ("Plaintiff") files this Complaint against Defendant City of New Haven ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq*. ("Title VII").

## PARTIES

1. Defendant City of New Haven is a political subdivision of the state of Connecticut and is subject to the jurisdiction and venue of this Court.

2. At all times relevant to this action, Defendant City of New Haven employed Plaintiff.

3. In addition, at all times relevant, Plaintiff was assigned as Liaison to the New Haven Board of Education.

4. Defendant City of New Haven is an "employer" as defined by Title VII.

1

5.  Defendant Justin Elicker, at various times relevant to this Complaint, was Candidate for Mayor of the City of New Haven, Mayor-elect of the City of New Haven, and Mayor of the City of New Haven and is sued in his official and individual capacities

## ADMINSTRATIVE

6.  (a) Mr. Bartlett timely filed charges for Retaliation, Race Discrimination and Sex (Sexual Orientation) Discrimination with Connecticut Commission on Human Rights and Opportunities.

(b) Mr. Bartlett filed this lawsuit within 90 days of the receipt of his Notice of Right to Sue.

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 (federal question). The court also has supplemental jurisdiction pursuant 28 U.S.C. §1367(a) over his state common law claims because they are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

8.  Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located within Connecticut.

9.  Venue is also proper in this district and division pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the District of Connecticut.

## STATEMENT OF FACTS

10. Plaintiff began working for the Defendant on or about January 2014.

11. Plaintiff is a Black, gay male, rendering him a member of two protected classes.

12. Plaintiff was employed by the City of New Haven as Director of Youth Services.

13. Plaintiff was also appointed as City Liaison to the New Haven Public Schools and its Board of Education.

14. During the over six (6) years Plaintiff was employed by the Defendant City of New Haven, he received good performance evaluations and the programs he developed received accolades. Plaintiff actively promoted youth programming within the city of New Haven, including, developing and maintaining Youthstat, wrap-around services involving several city departments and agencies, including the Board of Education, Police Department and the Fire Deoartment to provide resources supportive of youth health, safety and welfare in the City of New Haven.

15. Prior to becoming employed by the City of New Haven, Plaintiff was openly gay.

16. During Plaintiffs employ at the City of New Haven, Plaintiff's sexual orientation was, on information and belief, openly criticized by one or more persons who had significant influence on the Defendant.

17. In or around June of 2019, Plaintiff suffered an adverse employment action when Defendant advised Plaintiff that he was being placed on Administrative Leave.

18. The City conducted an internal investigation. At no time during the Administrative Leave was the Mayor prevented by the City policy from Terminating the Administrative Leave. As a result of the City Investigations, No findings, ethical, moral, or criminal were made implicating Mr. Bartlett of any wrongdoing whatsoever.

19. Plaintiff did not engage in any improper conduct with regard to program funds under his custody or control, as intimated by the defendant.

20. Defendant did nothing to defend or protect the plaintiff during a federal subpoena of Youth Department records. Further, Defendant provided no guidance, counsel, or legal representation for Plaintiff during said federal investigation. Rather, Defendant initiated the Administrative Leave as a pretext for discrimination against Plaintiff based on his sexual orientation and his race.

3

21. On information and belief, in connection with an investigation, conducted by an independent party commissioned by the City of New Haven, the investigator reported to Mayor and staff that Carol Birks, then Superintendent of Schools made several homophobic statement about Plaintiff in an attempt to defend herself in interviews.

22. During his campaign for Mayor of the City of New Haven, Justin Elicker called for the firing of the Plaintiff. On November 4, 2019, Justin Elicker was elected the 51st Mayor of the City of New Haven. During Mayor Elicker's transition into the position of Mayor for the City of New Haven, Plaintiff was still employed and under contract with the Defendant City of New Haven.

23. The Plaintiff filed an Affidavit of Illegal Discriminatory practice in November of 2019 based on the discriminatory and illegal placement of the Plaintiff on Administrative leave.

24. Mayor Elicker was sworn in as Mayor of New Haven on January 1, 2020. Prior to being sworn is as Mayor, Mayor-elect Elicker interviewed Tomi Veale for Plaintiffs' position as Youth Program Director, while Plaintiff (Jason Bartlett) was still employed and under contract with the Defendant City of New Haven for that same position.

25. Tomi Veale is a staff member of the City of New Haven's Youth Department, who was, at the time, under the supervision of Director Jason Bartlett. TomI Veale was interviewed by the Defendant, for the Youth Directors' position prior to January 1, 2020, while Plaintiff was still employed under that same job title.

26. Mayor-elect Elicker was provided a list of all available positions from Human Resources that he could hire into once taking office, however, he treated Mr. Bartlett's position differently than all other directors with similar contracts and appointments. He did not interview candidates for the position of Livable Cities Initiative Director, Elderly Services Director, Controller or any other position where the incumbents were holding

4

four-year contracts with the City of New Haven. The only difference between other comparators holding four-year contracts with the City, and the Plaintiff, is that the Plaintiff was gay, and filed a civil rights (CHRO Employment Discrimination Complaint) against the City of New Haven.

27.	At the direction of Defendant, when Plaintiff filed a CHRO employment discrimination complaint, Plaintiff's position became immediately up for employment interviews while Plaintiff was still employed under a two-year contract with the City of New Haven.

28.	Mayor Elicker's' interviewing of candidates for Plaintiff's position created a hostile and untenable work environment for Plaintiff. This occurred at an interval during which Plaintiff had been ordered back to work and while the Defendant intentionally failed and refused to comply with said Order.

29.	On or about February 20, 2020, Defendant Mayor Elicker terminated Plaintiff in retaliation for Plaintiff's having filed an employment discrimination complaint alleging Defendant's Discriminatory practices, inter alia, in violation of Connecticut General Statutes Sec. 46a-60(b)4).

30.	Defendant, in its letter of termination, mischaracterized the findings of all investigations against Plaintiff and inserted Defendant's own conclusions. No investigation conducted relative to the allegations against the Plaintiff finds the Plaintiff guilty of any actions alleged in Defendant's February 20, 2020, Termination letter, and none of the comparators not of Plaintiff's class basis, with four-year contracts with the Defendant City, were subjected to the undue scrutiny and investigations that the Plaintiff was subjected to.

31.	In the first week of January 2020, Mayor Elicker initiated a third investigation against the Plaintiff as soon as he was sworn in as Mayor and took office. The City of

New Haven had already cleared Plaintiff of all charges for two investigations that Plaintiff had been subjected to, prior to Mayor Elicker taking office. Those investigations were dated October 24, 2019, and December 24, 2019. The fact that the Defendant conducted a THIRD investigation, demonstrates that it was with the intent of developing pretextual grounds to terminate Plaintiff from a contractual position at the City of New Haven.

32. A direct quote relative to Plaintiff being cleared by the City of New Haven, is that "At its conclusion, the investigation had not found any evidence of criminal behavior on the part of Mr. Bartlett, nor did it uncover anything that rose to the level of corruption.

33. There was no evidence indicating that decisions Bartlett made with respect to procurement or distribution of City funds benefited him or anyone directly associated with him."  In fact, the third investigation ordered by Mayor Elicker knowingly misrepresented facts to try and fabricate a "just cause" termination action against Mr. Bartlett and creating a pretense for discrimination.

34. None of these "investigations" utilized sworn testimony, interrogatories, depositions or any other form of sworn testimonial evidence or legally acceptable factual representations of any wrongdoing by the Plaintiff.

35. The Defendant had an opportunity to hear from Plaintiff after they concluded their investigation on October 25, 2019, but never offered Plaintiff an opportunity to answer allegations of false narrative against him. Defendant stated that Plaintiff was terminated for, inter alia, "bizarre behavior". Those purported reasons, however, were a pretense for discrimination against Plaintiff based on his having filed a charge of Discrimination, as well as based on Plaintiff's race and sexual orientation.

36. The second investigation was concluded by Defendant on December 4, 2019.

Defendant failed to provide notice and opportunity to be heard, thereby violating Plaintiff's due process rights.  Plaintiff never had an opportunity to answer allegations against him to clear his name.

38. Defendant has acted in bad faith and violated Plaintiff's due process rights.  As a basis for the Defendant's termination of Plaintiff, Defendant offers Mr. Bartlett's purported failure to timely file a written response to investigative reports discussed in the January 27, 2020, meeting with the Defendant (termination letter dated February 20, 2020).  It was not until the third investigation, finalized in or around January 22, 2020 while Plaintiff was on administrative leave, that Defendant offered to hear from Plaintiff on accusations hurled at him.  The process demonstrated a lack of fairness, justice, and demonstrated intentional bias against the Plaintiff.   A letter was sent to the Plaintiff on or around January 20, 2020, ordering

39. Plaintiff to appear before the Defendant City of New Haven on January 27, 2020 to respond to unfounded, untrue and false accusations of all three investigations conducted by the Defendant.

40. With respect to the January 27, 2020, meeting, Defendant acted in complete bad faith in that, in order for Plaintiff to provide a response to investigative reports, he would have needed city records in response to his Freedom of Information Requests filed prior to this meeting.

41.  While Defendant promised to provide these documents within a timely manner, Defendant never made good on that promise.  Instead, Defendant terminated Plaintiff effective February 20, 2020, before Mr. Bartlett had an opportunity to obtain exculpatory city records requested through FOI, which were in the custody of the Defendant.

42. Said documents, which fully exonerate the Plaintiff, were provided to Plaintiff on February 26, 2020, after he had already been terminated.

7

43. Plaintiff attended the January 27, 2020, meeting. This meeting was not recorded. There was no official note taking conducted, and the City failed to classify the nature of the meeting. Even though this meeting did occur, it did not present Mr. Bartlett an opportunity to avail himself of his due process rights.

At that meeting, Plaintiff told the City of New Haven the City of New Haven that they had the documents and written records which would exonerate him of the charge they are alleging in third investigation. Plaintiff specified to City of New Haven who had the documents by department and what those documents would be and one of options at time was settling or correcting the investigative report and ordering back to work. The City came days later with the option of writing a written report/response.

44. Even though Mr. Bartlett was on administrative leave, he was actively pursuing the evidence he needed to exonerate himself of these charges. (He made his original FOI request on February 6, 2020).

45. The January 27, 2020, meeting was an interrogation by the Defendant, designed to support the Defendant in bolstering his defense of wrongdoing and public policy violations.

46. Following the January 27, 2020, meeting where Defendant agreed to provide Plaintiff with FOI city documents, Plaintiff was terminated. This termination took place prior to the City providing him with the city records they agreed to provide him with so that he could prepare a response to the Defendant's allegations. On February 24, 2020, after he was terminated, Plaintiff filed a complaint against the City with the Freedom of Information Commission.

47. Defendant failed to provide Plaintiff with adequate notice that Plaintiff would be terminated if he failed to produce a response to Defendant's allegations within a certain period of time. This was an attempt for the Defendant to appear to provide Plaintiff with an opportunity to be heard. This termination was not done in good faith.

48. Defendant knowingly thwarted Plaintiff's attempt to exonerate himself by refusing to provide him with the city records he requested under FOI for the purpose of demonstrating his innocence, and those documents do in fact, demonstrate Plaintiff's innocence. The Defendant acted in bad faith because they held in custody, the city records that could have exonerated Plaintiff.

49. Comparators who were not gay, and had four-year contracts with the City of New Haven that were honored by the Defendant--Daryl Jones, (Black Male), Controller; Serena Sanjurjo, (Black Female), Director Livable City Initiative (LCI); Migdalia Castro, (Hispanic Female), Director Elderly Services; Doug Hausladen, (White Male), Director Transportation, Traffic and Parking; Jeffrey Pescosolido,(White Male), Director, Public Works; Giovanni Zinn (White Male), City Engineer; Otoniel Reyes (Hispanic Male), Chief of Police; Mike Gormany, (Black Male), Acting Budget Director; John Alston Jr., (Black Male), Fire Chief.

## CAUSES OF ACTION

**COUNT ONE:** **DISCRIMINATION PURUSUANT TO TITLE VII, 42 U.S.C. § 2000e et seq (RACE DISCRIMINATION)**

1 – 49. Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count One.

50. Defendant's conduct as alleged was because of his race (African-American) and therefore was in violation of his rights as protected by TITLE VII, 42 U.S.C. § 2000e et seq.

51. Plaintiff has been damaged thereby.

**COUNT TWO:** **DISCRIMINATION PURUSUANT TO TITLE VII, 42 U.S.C. § 2000e et seq (SEX /SEXUAL ORIENTATION)**

9

1 – 49.   Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Two.

50.   Defendant's conduct as alleged was because of his sexual orientation and therefore was in violation of his rights as protected by TITLE VII, 42 U.S.C. § 2000e et seq.

51.   Plaintiff has been damaged thereby.

**COUNT THREE:   DISCRIMINATION PURUSUANT TO TITLE VII, 42 U.S.C. § 2000e et seq (RETALIATION)**

1 – 49.   Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Three.

50.   Defendant's conduct as alleged was in retaliation for his having raised complaints of what he reasonably believed to be discrimination based upon race and sexual orientation.

51.   Plaintiff has been damaged thereby.

**COUNT FOUR:   DISCRIMINATION PURUSUANT TO C.G. S. § 46a-60 (RACE DISCRIMINATION)**

1 – 49.   Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Four .

50.   Defendant's conduct as alleged was because of his race (African-American) and was therefore in violation of his rights as protected by C.G. S. § 46a-60.

51.   Plaintiff has been damaged thereby.

**COUNT FIVE:   DISCRIMINATION PURUSUANT TO C.G.S. § 46a-60 SEX/SEXUAL ORIENTATIN)**

1 – 49.   Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Five.

50. Defendant's conduct as alleged was because of his sexual orientation and therefore was in violation of his rights as protected by C.G.S. § 46a-60.

51. Plaintiff has been damaged thereby.

**COUNT SIX:**      **DISCRIMINATION PURUSUANT TO C.G.S. § 46a-60 (RETALIATION)**

1 – 49. Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Six.

50. Defendant's conduct as alleged was in retaliation for his having raised complaints of what he reasonably believed to be discrimination based upon race and sexual orientation.

51. Plaintiff has been damaged thereby.

**COUNT SEVEN:**     **BREACH OF CONTRACT**

1 – 49. Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Seven.

50. Defendant entered into an express written contract of employment with Plaintiff for a set time period, a set amount of compensation, with a set express and implied duties and responsibilities.

51. Defendant breached its express contract with Plaintiff when it terminated his employment prior to the expiration date of that contract, and with no valid reason for doing so.

52. Plaintiff has been damaged thereby.

**COUNT EIGHT:**      **DEFAMATION**

1 – 49.    Plaintiff incorporates paragraphs 1-49 as if fully stated herein and makes them paragraphs 1-49 of this Count Eight.

50.    Defendant Justin Elicker, by the conduct alleged, knowingly made untrue, false, or misleading statements about Plaintiff, diminishing the esteem, respect, goodwill and confidence in which the Plaintiff was held and caused adverse, slanderous and unpleasant opinions about the Plaintiff to be made to the public.

51.    Plaintiff has been damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

(1)    a declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.;

(2)    a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII;

(3)    full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon.

(4)    reinstatement to Plaintiffs' former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension.

(5)    compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages.

(6)    punitive damages.

(7)    attorneys' fees and costs; pursuant to 42 U.S.C. Section 1988, and

12

(8) all other and further relief as this Court deems just and proper.

RESPECTFULLY,
JASON BARTLETT, PLAINTIFF

BY _/S/ Cynthia R. Jennings_____

Cynthia R. Jennings, Esq. ct21797
Law Office of Cynthia R. Jennings
55 Filley Street
Windsor, CT 06095
Tel:  860.883.6947
Email:  Attorneyjennings@gmail.com

13